IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRUCE BERRY,

    Petitioner,

v.                                                                                             CASE NO. 5:09-cv-57-RS-AK

ROBERT BUTTERWORTH, et al.,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, "to challenge an unlawful involuntary civil commitment...." Doc. 1. It was upon this basis that this cause was transferred to this Court from the United States District Court for the Middle District of Florida. Doc. 4.

However, when this Court began its review of the petition, it became concerned that perhaps Petitioner had not actually been civilly committed, as he had indicated on the face of his petition, but instead was awaiting trial to determine whether he should be designated a sexually violent predator and committed under the Jimmy Ryce Act. Consequently, a member of the undersigned's staff telephoned the Bay County Clerk's Office, which confirmed that Petitioner's civil commitment case, No. 08-371JR, has not yet gone to trial. Thus, Petitioner is a pre-trial detainee and is not presently in custody pursuant to the judgment of a state court, and the instant petition must be treated as one filed pursuant to 28 U.S.C. § 2241. *Hiteshaw v. Butterfield*, 262 Fed. Appx. 162, 164 (11th Cir. 2008).

Because Petitioner is being detained in the Florida Civil Commitment Center in Arcadia, Florida, which is located within the Middle District of Florida, the ultimate decision regarding the merits of this petition cannot be made by this Court, as § 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991). Indeed, the United States Supreme Court has reiterated that the "plain language of the habeas statute...confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, ____ U.S. ____, 124 S.Ct. 2711, 2722, 159 L.Ed. 2d 513 (2004).

Because Petitioner is not incarcerated in this district, the Court is without jurisdiction to proceed, and transfer to the appropriate forum for further proceedings is required.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

**IN CHAMBERS** at Gainesville, Florida, this __8th__ day of April, 2009.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**